

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center          (203)821-3700
157 Church Street, 25ᵗʰ Floor     Fax (203) 773-5376
New Haven, Connecticut 06510
www.justice.gov/usao/ct

November 17, 2016

Michael O. Sheehan, Esq.
Sheehan Reeve
350 Orange Street
Suite 101
New Haven, CT 06510

      Re:    <u>United States v. Ramon Gomez</u>
            Case No. 16cr  (AWT)

Dear Attorney Sheehan:

      This letter confirms the plea agreement between your client, Ramon Gomez (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

<u>THE PLEA AND OFFENSE</u>

      The defendant agrees to waive his right to indictment and to plead guilty to a two-count Information charging him with sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Count One) and with possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Count Two). The defendant understands that, to be guilty of these offenses, the following essential elements of the offense must be satisfied:

<u>Court One - Sex Trafficking of a Minor</u>

      The defendant understands that, to be guilty of the offense charged in Count One of the Information, the following essential elements must be satisfied:

      1.     The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person who was under 18 years of age;

*Michael O. Sheehan, Esq.*
*Page 4*

the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty.  The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.  The counts of conviction charging sex trafficking and drug distribution offenses are not groupable under U.S.S.G. § 3D1.2 and therefore require a multiple count computation under U.S.S.G. § 3D1.4.  The parties agree the group with the highest offense level is used in determining the applicable guidelines range.

*Michael O. Sheehan, Esq.*
*Page 3*

following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $1 million.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. §§ 3663A, 2259, and 1593, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of §§ 3663A, 2259, and 1593. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

<u>THE SENTENCING GUIDELINES</u>

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce

*Michael O. Sheehan, Esq.*
*Page 2*

    2.    The defendant knew or was in reckless disregard of the fact that the person would be caused to engage in a commercial sex act;

    3.    The defendant knew that the person had not attained the age of 18 years, or that he recklessly disregarded that fact, or he had a reasonable opportunity to observe the person; and

    4.    The defendant's conduct was in or affecting interstate commerce.

Count Two - Possession with Intent to Distribute Heroin

The defendant understands that, to be guilty of the offense charged in Count Two of the Information, the following essential elements must be satisfied:

    1.    On or about May 29, 2016, the defendant possessed a controlled substance, i.e. heroin;

    2.    The defendant knew that the substance was heroin; and

    3.    The defendant intended to distribute the substance.

THE PENALTIES

The offense charged in Count One carries a maximum penalty of life in prison, a mandatory minimum term of ten years in prison and a maximum of $250,000 fine. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to five years per violation with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of not less than five years of imprisonment. 18 U.S.C. § 3583(k).

The offense charged in Count Two carries a maximum penalty of twenty years in prison and a maximum fine of $1,000,000. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least three years and as much as life. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the

*Michael O. Sheehan, Esq.*
*Page 5*

For the first group, which is the sex trafficking offense in Count One, the defendant's base offense level for sex trafficking of a minor under U.S.S.G. § 2G1.3(a)(2) is 30. That level is increased by two under U.S.S.G. § 2G1.3(b)(3)(B) because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. The level is further increased by two under U.S.S.G. § 2G1.3(b)(4) because the offense involved the commission of a sex act or sexual contact. The adjusted offense level for the first group is 34. After a three-level reduction for acceptance of responsibility, the total offense level is 31.

For the second group, which is the distribution of heroin charge in Count Two, the base offense level is 24 because the parties agree that the defendant participated in the distribution of more than 100 grams, but not more than 400 grams, of heroin.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category IV. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 31, assuming a Criminal History Category IV, would result in a range of 151 to 188 months of imprisonment (sentencing table) and a fine range of $30,000 to $300,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of five years to life. U.S.S.G. § 5D1.2.

The defendant understands that the Court is not bound by the parties' agreement on the Guideline ranges specified above, nor is the Court bound to accept any agreement by either party as to the appropriate sentence.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 188 months of imprisonment, a ten-year term of supervised release, a $100 special assessment, a $300,000 fine, and restitution, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently

Michael O. Sheehan, Esq.
Page 6

waiving these rights.  Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver.  Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that she has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that she committed the offense set forth in the information before an indictment could be returned.  The defendant acknowledges that she is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of

*Michael O. Sheehan, Esq.*
*Page 7*

limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SEX OFFENDER REGISTRATION

*Michael O. Sheehan, Esq.*
*Page 8*

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student.  He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information.  He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status.  The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.  The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.  The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the sex trafficking of a minor and the distribution of heroin in May 2016, which forms the bases of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Michael O. Sheehan, Esq.*
*Page 9*

       This letter shall be presented to the Court, in open court, and filed in this case.

                    Very truly yours,

                    DEIRDRE M. DALY
                    UNITED STATES ATTORNEY

                    DOUGLAS P. MORABITO
                    ASSISTANT UNITED STATES ATTORNEY

       The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

RAMON GOMEZ                 11-17-16
The Defendant               Date

       I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

MICHAEL O. SHEEHAN, ESQ.      11/17/16
Attorney for the Defendant        Date

*Michael O. Sheehan, Esq.*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the indictment.

From in or about May 26, 2016 and continuing through about May 30, 2016, in the District of Connecticut and elsewhere, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Minor Victim 1 ("MV-1"), knowing and in reckless disregard of the fact that MV-1 had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c). The defendant had a reasonable opportunity to observe MV-1 and knew that she was under 18 years of age.

On or about May 29, 2016, in the District of Connecticut, the defendant knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Additionally, the defendant expressly agrees and stipulates that the quantity of heroin he possessed with intent to distribute was at least 100 grams, but less than 400 grams.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.


RAMON GOMEZ
The Defendant


DOUGLAS P. MORABITO
ASSISTANT U.S. ATTORNEY


MICHAEL O. SHEEHAN, ESQ.
Attorney for the Defendant

*Michael O. Sheehan, Esq.*
*Page 11*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A.  The order of restitution may include:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -
        (I)   the value of the property on the date of the damage, loss, or destruction; or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

*Michael O. Sheehan, Esq.*
*Page 12*

<u>RIDER CONCERNING RESTITUTION</u>

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)     medical services relating to physical, psychiatric, or psychological care;

(B)     physical and occupational therapy or rehabilitation;

(C)     necessary transportation, temporary housing, and child care expenses;

(D)     lost income;

(E)     attorneys' fees, as well as other costs incurred; and

(F)     any other losses suffered by the victim as a proximate result of the offense.

Restitution is payable immediately unless ordered otherwise by the Court.  The order of restitution must be a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e).  Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  18 U.S.C. § 3614.  The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555.  Finally, the order of restitution has the effect of a civil judgment against the defendant.

Michael O. Sheehan, Esq.
Page 13

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.   The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either in-patient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office.  The defendant shall pay all, or a portion, of the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2.   The defendant shall permit the United States Probation Office, accompanied by either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[1] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

3.   The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

4.   The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

5.   The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

6.   The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

7.   The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

---

[1] See United States v. Lifshitz, 369 F.3d 173 (2d Cir. 2004).