UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAMON GOMEZ,<br><br>    Defendant. | Case No. 3:16-cr-00207-AWT-1 |

**INTERVENOR *THE DAY*'S REQUEST FOR RULING ON MOTION TO UNSEAL**

Intervenor *The Day* respectfully requests that this Court issue a ruling on *The Day*'s pending motion to unseal (ECF No. 74).  *The Day*'s motion to unseal was fully briefed as of February 13, 2018.

**Relevant Procedural History**

This matter concerns the prosecution and sentencing of Defendant Ramon Gomez, who pleaded guilty to sex trafficking of a minor and possession of heroin with intent to distribute in connection with the death of 17-year-old Olivia E. Roark in May 2016.  Although proceedings in this matter were public, on November 29, 2017, Defendant filed his Sentencing Memorandum, including a motion to seal that Sentencing Memorandum, entirely under seal; the Court granted Defendant's motion to seal on November 30, 2017.  ECF Nos. 65, 66, 68.  The prosecution publicly filed a motion to seal on December 4, 2017, attaching its Sentencing Memorandum to the motion.  ECF No. 67.[1]  The Court granted the prosecution's motion to seal on December 6, 2017.  ECF No. 69.

---

[1] As detailed in *The Day*'s Motion to Unseal, the prosecution's Sentencing Memorandum was filed publicly before it was placed under seal; *The Day* reporter Karen Florin downloaded the motion to

1

*The Day* filed a motion to unseal and intervene in the above-captioned matter on December 13, 2017, ECF No. 74, seeking the unsealing of the Sentencing Memoranda filed under seal by Defendant and the prosecution.  The Court granted *The Day*'s motion to intervene on December 20, 2017.  ECF No. 80.  On January 8, 2018, the Court held a hearing on *The Day*'s motion to unseal and subsequently ordered supplemental briefing on *The Day*'s motion and Defendant's proposed redactions to his Sentencing Memorandum.  *The Day*, Defendant, and the prosecution subsequently filed supplemental memoranda of law regarding *The Day*'s motion to unseal the Sentencing Memoranda in this case.  ECF Nos. 98, 103, 107.  As of February 13, 2018, *The Day*'s motion to unseal has been fully briefed and is ripe for decision by this Court.  ECF No. 112.

### Request for Ruling

Courts in the Second Circuit, including this district court, have consistently held that the public's constitutional right to sentencing memoranda requires that any decision to seal such memoranda satisfy the stringent requirements of the First Amendment.  *United States v. Roy*, 2017 WL 2604250, at *1 (D. Conn. June 15, 2017) (sentencing memoranda in criminal cases qualify as judicial documents to which the First Amendment and common law right of access attaches); *United States v. Litvak*, 2015 WL 328876, at *2 (D. Conn. Jan. 23, 2015) (same); *cf. United States v. Alcantara*, 396 F.3d 189, 197–99 (2d Cir. 2005) (discussing First Amendment right of access to sentencing proceedings).  Given this strong presumption of public access, the power to seal criminal records is therefore one "to be very seldom exercised, and even then only

---

seal and attached Sentencing Memorandum via PACER on December 4, 2017.  ECF No. 76.  The prosecution's Sentencing Memorandum is no longer publicly available on PACER.  *Id.*

with the greatest caution, under urgent circumstances, and for very clear and apparent reasons." *United States v. Cojab*, 996 F.2d 1404, 1405 (2d Cir. 1993).

Further, the Second Circuit has held that where the public has a right of access to judicial records that is not overcome, public access ought to be immediate and contemporaneous. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (discussing the "importance of immediate access where a right to access is found"). Where, as here, a presumption of access attaches under the common law and the First Amendment, the Second Circuit has held that a delay in ruling "[is] a delay that [is] effectively a denial of any right to contemporaneous access—where '[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment.'" *Id.* at 126 (quoting *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)). As such, a district court "err[s] not only in failing to make specific, on-the-record findings required in order to justify its denial but also in failing to act expeditiously." *Id.*; *cf. Nebraska Press Ass'n v. Stuart,* 423 U.S. 1327, 1329 (1975) (Blackmun*, J.*, in chambers) (holding that where state supreme court has not taken timely action to address prior restraint on media raising First Amendment issues, "delay itself is a final decision").

As detailed in *The Day*'s prior memoranda of law, the public has a strong interest in obtaining access to the Sentencing Memoranda at issue here. The prosecution of Defendant is a matter of serious public concern, and the public has a significant interest in understanding the sentence ultimately imposed by this Court. The Sentencing Memoranda are judicial records filed with the Court that are instrumental to the judicial function of sentencing, and therefore provide invaluable information to those monitoring the federal courts. *See, e.g., United States v. Raybould*, 130 F. Supp. 2d 829, 831 (N.D. Tex. 2000) ("[F]airness in sentencing has high

priority in our society.  Disparate sentences based on reasons and proceedings that are concealed from public view inevitably will raise questions about the basic fairness of the sentencing process.").

Given the public's strong presumption of access to these records under both the First Amendment and the common law, *The Day* respectfully requests that this Court issue a ruling on *The Day*'s pending motion to unseal the Sentencing Memoranda filed in this case.

*/s/ Jennifer Nelson*
Jennifer A. Nelson (phv09382)
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW
Suite 1020
Washington, DC 20005
202.795.9312
202.795.9310 (fax)
jnelson@rcfp.org

*/s/ Cameron Stracher*
Cameron Stracher (ct28146)
4 North Pasture Rd.
Westport, CT 06880
Tel: (203) 222-7169
Fax: (646) 810-3089
cam@stracherlaw.com

*Counsel for The Day*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Request for Ruling was filed with the Clerk of Court and served via ECF on counsel for all parties, listed below.

>William J. Nardini
>Douglas P. Morabito
>U.S. Attorney's Office – NH
>157 Church St., 25th Floor
>New Haven, CT 06510
>(203) 821-3700
>Fax: (203) 773-5373
>E-mail: Douglas.Morabito@usdoj.gov
>E-mail: William.Nardini@usdoj.gov
>*Attorneys for Plaintiff*
>
>Michael O. Sheehan
>Sheehan & Reeve
>350 Orange St., Suite 101
>New Haven, CT 06511
>(203) 787-9026
>Fax: (203) 787-9031
>E-mail: msheehan@sheehanandreeve.com
>*Attorney for Defendant*

This the 13th day of February, 2019.

>*/s/ Jennifer Nelson*_____
>Jennifer A. Nelson